IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MAGMA DESIGN AUTOMATION, INC. SECURITIES LITIGATION, _____ / This Document Relates To: ALL ACTIONS _____/ | No. C 05-2394 CRB **ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Shareholders filed this lawsuit against Magma Design Automation and several of its officers for alleged violations of Section 10(b) and Section 20(a) of the 1934 Exchange Act. Now pending before the Court is Plaintiffs' motion for class certification.

As in almost all lawsuits by shareholders of public companies, the investors in this case easily satisfy the requirements of Rule 23. First, there are too many of them to make individual suits practical. Second, all of the shareholders' claims involve substantially the same questions of law and fact. Third, the claims actually presented by the lead shareholder in this case are typical of the claims that would be asserted by other investors. And fourth, the parties to the case have given the Court every reason to think that the lead plaintiff and his attorneys will

1 adequately represent the interests of other class members. Fed. R. Civ. P. 23(a). Finally, the
2 Court has little trouble concluding that, as with most suits against public companies, a class
3 action is "maintainable" in this case because Magma Design Automation treated its all of its
4 shareholders in the same fashion, which both raises the specter of "inconsistent or varying
5 adjudications with respect to individual members of the class," and makes a class action
6 "superior to other available methods for the fair and efficient adjudication of the controversy."
7 Fed. R. Civ. P. 23(b).  See also Blackie v. Barrack, 524 F.2d 891, 902 (9th Cir. 1975).

8       Faced with the Ninth Circuit's policy of liberally construing Rule 23 in the context of
9 class actions suits, Defendants raise one basic argument in opposition to class certification.
10 Defendants view the crux of the case as a dispute about whether the company made false and
11 misleading statements regarding its financial prospects during the course of recently concluded
12 patent litigation, which Plaintiffs view as having had an adverse impact on the company and its
13 stock price. Yet the shareholders' complaint itself sets forth claims for relief based of a series
14 of statements that occurred long before the litigation even began, when Magma Design
15 Automation was using patented technology, but was not yet embroiled in a legal dispute about
16 their use of it. Defendants contend that these earlier statements are not properly the subject of
17 a claim under the securities laws, and moreover, that a "properly constituted" class would not
18 even include the lead plaintiff, who purchased his stock before the litigation had begun.

19       Distilled to its essence, Defendant's argument is simply that some aspect of Plaintiffs'
20 claims are going to fail. The nub of their contention is that Plaintiffs' claim for relief is too
21 broad and cannot succeed as to earlier, purportedly "forward-looking" statements, which the
22 company believes do not subject them to liability. See 15 U.S.C. § 78u-5(c). It is axiomatic,
23 however, that "arguments evaluating the weight of evidence or the merits of a case are improper
24 at the class certification stage." Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1277 (9th Cir. 2007);
25 see also Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974) ("We find nothing in either the
26 language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry
27 into the merits of a suit in order to determine whether it may be maintained as a class action.").
28 Defendants' argument may ultimately carry the day, knock out part of the lawsuit, and reveal

1  that the lead plaintiff is ineligible for relief.  But the proper vehicle for presenting this argument
2  is on a motion for partial summary judgment.  It is not a reason for denying class certification.
3  That certain shareholders might be able to put forward stronger claims than others, or that a
4  better lead plaintiff might be found to advance the claims of the class, is not a reason to proceed
5  to test the shareholders' theory of liability on its merits, at least at this stage of the litigation.

6        This case is not like the ones cited by Defendant in opposition to class certification.  For
7  instance, in this case there is no absolute bar on recovery due to a statute of limitations, see, e.g.,
8  Bovee v. Coopers & Lybrand, 103 F.R.D. 596, 604 (S.D. Ohio 2003), and there are no
9  "undisputed facts" that establish a date after which the investors' reliance on the company's
10 alleged misrepresentations would be unreasonable, see, e.g., 144 F.R.D. 247, 254-55 (D.N.J.
11 1992).  Here, Defendants' argument against class certification cuts to the heart of Plaintiffs'
12 claims.  Plaintiff's theory is that the company issued materially false and misleading statements
13 given that these statements assumed the company could use technology to which it did not have
14 absolute proprietary rights.  Whether their theory has any merit under the securities laws is a
15 question for another day, not an issue to be resolved at the stage of class certification.
16 Defendants' argument may form the basis for a slam-dunk motion for partial summary judgment,
17 though the Court here expresses no view on that issue at all.  Whatever the strength of the
18 company's defense as to these earlier statements, the merit of its position does not transform its
19 argument about the merits of the case into a reason for denying class certification.

20       Finally, Defendants suggest that class certification is improper because the complaint
21 defines the class to include "all persons who purchased or otherwise acquired the securities of
22 Magma" during the relevant period.  Defendants note that this broad definition would capture
23 "short-sellers," whose goal was to make money as the stock of Magma Design Automation
24 depreciated.  Defendants note that the plaintiffs in a class action must have aligned legal
25 interests, rather than the diametrically opposed interests that shareholders and short-sellers
26 typically have.  See Fed. R. Civ. P. 23(a); In re PolyMedica Corp. Sec. Litig., 244 F.R.D. 27, 44
27 (D. Mass. 2004).  Like most of the other courts that have addressed this issue, this Court rejects
28 the idea that the inclusion of short-sellers is fatal to Plaintiffs' request for class certification.  In

re Unioil Sec. Litig., 107 F.R.D. 615, 622 (C.D. Cal. 1985).  To the extent that any difference exists among shareholders in terms of their actual reliance on the alleged misrepresentations, or the damages they suffered as a result of that reliance, such issues may be addressed during subsequent phases of the trial.  Id. ("With respect to damages, any differences between named plaintiffs and class members at this point in the litigation do not preclude class certification. Conflicts which arise later can be solved by grouping the class members into subclasses or bifurcating trial of the damages issue."); see also Blackie, 524 F.2d at 902 ("Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit.").

Given the allegations set forth in the complaint, the Court finds that the proposed class of shareholders satisfies the requirements of Rule 23.  To the extent that the claims set forth in the complaint are without merit, or that even meritorious claims give rise to no damages for certain shareholders, the Court expects such issues to be litigated in due course during these proceedings, and will respond appropriately to the merits of those issues when they are squarely presented.

**IT IS SO ORDERED.**

Dated:  August 16, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2394\order re class certification.wpd